UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN IMEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CAUSE NO. 3:06-CV-143 TS |
| | ) |
| JOHN R. VANNATTA, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Kevin Imel, a *pro se* prisoner, was convicted on September 18, 2001, in Allen County Superior Court of possession of a firearm by a serious violent felon. He was sentenced to fifteen years in prison. After fully exhausting his state court remedies, the Petitioner filed this 28 U.S.C. § 2254 habeas corpus petition in federal court. The Petitioner's only ground for the requested habeas relief is that his appellate counsel was ineffective. The Respondent filed a response on November 30, 2006. The Petitioner requested and was granted an extension of time to file his traverse. His traverse was due by March 15, 2007. As of the date of this Opinion and Order, the Petitioner has not filed his traverse.

**A.      Relevant Facts**

Pursuant to 28 U.S.C. § 2254(e)(1),

> In a proceeding instituted by an application for a writ of habeas corpus by a person in state custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The facts relevant to the Petitioner's conviction, as found by the Indiana Court of Appeals, are as follows.

> The evidence most favorable to the conviction reveals that on February 20, 2001, the Allen County Sheriff's Department received a tip that Imel, who had an outstanding arrest warrant, was at his girlfriend's house. Officers discovered him on a bed in a bedroom, unclothed except for a pair of underwear. Imel was allowed to get dressed and pointed out the clothes he wanted to wear, including a sweatshirt in a pile of clothes next to the bed. Officers found a handgun on top of the sweatshirt. Detective Michael Bennington obtained a statement from Imel that he had agreed to keep the gun overnight at a friend's request. On May 11, 2001, the State charged Imel, who had a previous conviction for burglary, with unlawful possession of a firearm by a serious violent felon.

(*Imel v. State*, Slip Op. 02A05-0208-CR-363 (Ind. Ct. App., Jan. 21, 2003), DE #17-4).

On direct appeal, the Petitioner raised two issues: 1) the trial court's failure to grant a continuance requested the day of trial and 2) whether the evidence was sufficient to support the conviction. (Response, DE #17-5). In his petition for post-conviction relief, the Petitioner's only argument was that his appellate counsel was ineffective. (Response, DE #17-8, 17-9). Likewise, the only argument presented in his petition for writ of habeas corpus before this Court is that his appellate counsel was ineffective. Specifically, the Petitioner contends that his appellate counsel was ineffective because he did not raise the issue that referring to the Petitioner as a serious violent felon and referring to his prior burglary conviction was prejudicial. The trial court and the Indiana Court of Appeals both rejected this argument when they denied the Petitioner's petition for post-conviction relief. (Response, DE #17-8). The Indiana Supreme Court denied transfer on this issue.

**B.     Applicable Law and Analysis**

Habeas relief shall not be granted for any claim that was adjudicated on the merits in state court unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> In § 2254(d)(1), Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Williams v. Taylor*, 529 U.S. 362, 411 (2000).

In analyzing the Petitioner's argument that his appellate counsel was ineffective, the Indiana Court of Appeals applied the two prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).

> A petitioner asserting an ineffective assistance of counsel claim under *Strickland* must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Counsel's performance is deficient when the representation falls below an objective standard of reasonableness under prevailing professional norms. To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Goodman v. Bertrand*, 467 F.3d 1022, 1027 (7th Cir. 2006) (quotation marks, brackets, and citations omitted).

**1.    *Appellate Counsel's Actions were not Deficient***

The Indiana Court of Appeals found that during the post-conviction relief hearing, the petitioner's appellate attorney testified that he considered raising this issue on appeal, but did not think it would go anywhere because he thought the court could mention the prior conviction. (Response, DE #17-8, page 3).  In addition, counsel discussed the issue with the public defender's

3

office, where it was determined that since the prior conviction was an element of the offense, it could be mentioned at trial. (*Id.*)  The Indiana Court of Appeals also stated:

> In this case, as in *Spearman*, Imel's status as a serious violent felon—in light of his former burglary conviction—was an essential element of the crime that the State was required to prove and therefor refer to in the course of the proceedings. The trial judge related the nature of the case and charge against Imel to prospective jurors by stating, "This case is the State of Indiana v. Kevin J. Imel. Mr. Imel is charged with the offense of Unlawful Possession of a Firearm by a Serious Violent Felony [sic], which is a Class B Felony in Indiana." Although it is true that the trial court immediately stated Imel's name in the context of the charges, which included the words "serious violent felon," it cannot be inferred from the record that these comments were intended to show Imel's propensity to commit a serious violent felony. Rather, such a statement served as an accurate recitation of the charge against Imel.
>
> We further note that the remainder of the trial court's references to Imel as a serious violent felon occurred while instructing the jury. Those instructions stated that the charge against Imel was for possession of a firearm by a serious violent felon. Additionally, when the prosecutor referred to Imel during voir dire as a serious violent felon, it was done in the context of accurately stating the charge against Imel and the State's burden of proof regarding the offense. The other references to Imel's status or prior convictions occurred when the prosecutor discussed: (1) why Imel was arrested and charged with this particular offense; and (2) why actual violence is not statutorily required to commit a serious violent felony. These remarks were also made to show how the State's evidence proved the crime.
>
> Inasmuch as proof of the prior felony and Imel's status were essential elements of the charged offense, the State's references to those matters during the opening and closing statement indicate that the State was simply previewing and summarizing the relevant evidence presented at trial, how it intended to prove the crime, and how it believed it satisfied its burden of proof. In our view, nothing contained in the State's remarks indicates that the reference to Imel's prior conviction or his status as a serious violent felon was unduly prejudicial to the extent that Imel's appellate counsel should have raised this issue on appeal. Thus, the post-conviction court could reasonably conclude that Imel has failed to show that his appellate counsel's performance fell below an objective standard of reasonableness when he did not raise this issue.

(Docket #17-8, pages 8-9) (citations omitted).

After reviewing the record before it, the Court cannot conclude that the decision was contrary to or involved an unreasonable application of clearly established federal law. Nor was the decision based upon an unreasonable determination of the facts. Here, the court applied the two-part test from *Strickland* and found that Petitioner's appellate counsel's actions did not fall below an objective standard of reasonableness. The court found that the Petitioner's appellate counsel clearly weighed whether or not challenging the serious violent felon references was meritorious. He determined, after consultation with the public defender's office, that under prior case precedents, these arguments would not succeed. Indeed, the fact that the Petitioner was a serious violent felon was an element of the crime that the State had to prove. Although there were various references to the Petitioner as a serious violent felon, the state court correctly determined that it was not unreasonable for the appellate attorney to decide not to raise this issue on appeal since it was an element of the charged offense.

**2.      *The Petitioner was not Prejudiced by Counsel's Actions***

Even if the appellate counsel's actions were deficient, incompetence is only the first prong of an ineffective assistance of counsel claim. In addition, the Petitioner would have to prove that the deficient performance prejudiced him. The Indiana Court of Appeals found that the representation did not prejudice the Petitioner when it stated:

> Finally, we note that even if all of the references to Imel's conviction for a serious violent felony had been changed to be consistent with our suggestions in *Spearman*, there is no showing that the result of the trial court would have been different in light of the evidence that was presented against him at trial. To be sure, changing the references of serious violent felon/felony to "conviction for an enumerated offense under Indiana Code 35-47-4-5" would not have altered the evidence that Imel possessed the firearm as one who had been previously convicted

5

>of an offense in accordance with Indiana Code 35-47-4-5. As a result, we cannot say that Imel suffered prejudice to the extent that a reversal is warranted.

(Response, DE #17-8, pages 9-10).

Here, the Indiana Court of Appeals concluded that the even if all of the prejudicial references were replaced with non-prejudicial references, the evidence presented in the case would still prove that the Petitioner was previously convicted of burglary. In fact, it does not appear that the Petitioner has attempted to dispute that he was in fact previously convicted of burglary. Under the terms of the Indiana statute, a prior conviction of burglary would have been classified as a serious violent felony. Furthermore, there was evidence that the Petitioner was found with a gun. Finally, as the Petitioner has not filed a traverse in this action, he has failed to provide any arguments attempting to demonstrate that there was a reasonable probability that the result would have been different. Rather, the record reveals that even if the appellate counsel's actions were deficient and the prejudicial references removed, the evidence in the case would have supported the charges and the conviction. As a result, the Petitioner suffered no prejudice.

**C.     Conclusion and Order**

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

SO ORDERED on May 7, 2007.

>s/ Theresa L. Springmann
>THERESA L. SPRINGMANN
>UNITED STATES DISTRICT COURT
>FORT WAYNE DIVISION